HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>NOTEWORLD, LLC,<br><br>    Defendant. | CASE NO. C12-5367-RBL<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REOPEN THE CASE AND MOTION TO AMEND<br><br>(Dkt. #26, 28) |

    Plaintiff Philadelphia Indemnity Insurance Company issued two insurance policies to Defendant NoteWorld, LLC. In this declaratory action, Philadelphia seeks a determination of its coverage obligations under these policies. Consistent with each policy's binding arbitration provision, the parties agreed to submit their dispute to arbitration. This Court stayed the declaratory action pending the outcome of that arbitration.

    Philadelphia now moves to reopen the case and lift the stay in light of a recent Washington Supreme Court decision. *State Dep't of Transp. v. James River Ins. Co.* (*WSDOT*), 292 P.3d 118 (Wash. 2013). *WSDOT* held that RCW 48.18.200 prohibits binding arbitration agreements in insurance contracts. *Id.* at 123.

1     *WSDOT* is distinguishable from this case. In *WSDOT*, the insurer sought to force the

2 insured to arbitrate over the insured's objection. *Id.* at 119. The *WSDOT* decision therefore

3 applies to an attempt by an insurer to impose arbitration on an unwilling insured. Here, the

4 insured, NoteWorld, willingly seeks to enforce the binding arbitration terms against the insurer,

5 Philadelphia. Def.'s Reply, Dkt. #31 at 2. Thus, Philadelphia cannot rely on *WSDOT* to remove

6 this case from arbitration.

7     Further, Philadelphia and NoteWorld both agreed to arbitrate this case. Philadelphia did

8 not contest NoteWorld's Motion to Compel Arbitration. Philadelphia also did not notify the

9 Court of the then-pending decision in *WSDOT* or seek a continuance pending the decision in

10 *WSDOT*. Instead, Philadelphia proposed the stipulation for binding arbitration, which was not

11 subject to any contingency. Dkt. #23. Philadelphia is therefore bound by its stipulation.

12     For these reasons, Philadelphia's Motion to Reopen the Case and Lift the Stay (Dkt. #26)

13 is **DENIED**. Its Motion to Amend (Dkt. #28) is **DENIED as moot**.

14     IT IS SO ORDERED.

15     Dated this 23rd day of April, 2013.

                                          RONALD B. LEIGHTON
                                          UNITED STATES DISTRICT JUDGE